**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ROBERT HARRIS, ET AL.**                                                      **PLAINTIFFS**

**v.**                                      **CIVIL ACTION NO. 3:22-CV-479-TSL-MTP**

**SAM DOBBINS, ET AL.**                                              **DEFENDANTS**

**SAM DOBBINS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' COMPLAINT**

     **NOW COMES**, Defendant, Sam Dobbins, in his Individual Capacity only, by counsel, and respectfully files his Answer and Affirmative Defenses in response to the Complaint filed herein by Plaintiffs, as follows:

**FIRST DEFENSE**

     Answering Defendant specifically asserts and invokes all the privileges set forth in Fed. R. Civ. P. 12(b)(1)-(7) for which a good faith, legal and/or factual basis exists or may exist.

**SECOND DEFENSE**

     Answering Defendant denies that he is guilty of any actionable conduct.

**THIRD DEFENSE**

     Plaintiffs' Complaint should be dismissed on the grounds of applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, Act of God, accord and satisfaction, failure to mitigate, lack of standing, release, estoppel, and/or the doctrine of unclean hands.

**FOURTH DEFENSE**

     Answering Defendant is entitled to qualified immunity in his individual capacity. More specifically, the Complaint fails to allege a violation of a clearly established constitutional right

and, at all times, answering Defendant's conduct was objectively reasonable under the circumstances.

## FIFTH DEFENSE

Answering Defendant invokes *Heck v. Humphrey,* 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of the individual Plaintiff's claims.

## SIXTH DEFENSE

Answering Defendant is protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity including, but not limited to, qualified immunity.

## SEVENTH DEFENSE

Answering Defendant alleges that he did not exceed the requirements of law and due care and that he is not guilty of acts or omissions which either caused or contributed to the incident in question.

## EIGHTH DEFENSE

At all times, answering Defendant was acting within the course and scope of his employment and, therefore, cannot be held liable in his individual capacity under state law.

## NINTH DEFENSE

At all times, answering Defendant was acting within the course and scope of his employment and at all times material to the allegations of the Complaint, his individual actions were in good faith, without malice, and within the course and scope of his employment.

## TENTH DEFENSE

Plaintiffs are not entitled to recover any enhanced, punitive, or exemplary damages, as provided by *Miss. Code Ann*. § 11-46-15, insofar as any state court claims are concerned. Answering Defendant invokes the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)    The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)    The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)    The procedures fail to provide a limit on the amount of the award against the defendant.

(d)    The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)    The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)    The procedures permit multiple awards of punitive damages for the same alleged act.

(g)    The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h)      The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(I)      The standard of conduct upon which punitive damages are sought is vague.

## ELEVENTH DEFENSE

Plaintiffs' Complaint fails to state facts against the Defendant which would rise to the level of a constitutional deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

## TWELFTH DEFENSE

Answering Defendant is protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity.

## THIRTEENTH DEFENSE

At all relevant times, Plaintiffs were on notice which would cause any reasonable person to make further inquiry.

## FOURTEENTH DEFENSE

Defendant Dobbins is not responsible for any condition of the Plaintiff that pre-existed the events that made the basis of this Complaint.

## FIFTEENTH DEFENSE

Answering Defendant reserves the right to assert any defenses that discovery may reveal are appropriate and incorporate herewith by reference any affirmative defenses invoked by any other defendant applicable to it.

## SIXTEENTH DEFENSE

The instant claim fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to any Plaintiff which was caused by this Defendant.

## SEVENTEENTH DEFENSE

The injuries/damages allegedly sustained by any Plaintiff are the direct proximate result of his own conduct for which he is responsible to the exclusion of this Defendant, and, therefore, the Complaint should be dismissed.

## EIGHTEENTH DEFENSE

The injuries/damages allegedly sustained by any Plaintiff were not foreseeable to this Defendant, and, therefore, Plaintiffs' claim as to this Defendant should be dismissed.

## NINETEENTH DEFENSE

Claims under Title VI "may be brought *only* against the institution receiving federal funds, not employees of those institutions." *Russell v. City of Tupelo*, 544 F. Supp. 3d 741, 762 (N.D. Miss. 2021)(citing *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009))(citation cleaned up)(emphasis in original). Thus, the Plaintiffs' Title VI claims against Sam Dobbins, individually, must be dismissed.

## TWENTIETH DEFENSE

No Plaintiff can show that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent. Moreover, the Plaintiffs cannot show that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group. Allegations of discriminatory intent, such as the ones in

Plaintiffs' Complaint, that are merely conclusory, without reference to specific facts, will not suffice.

### TWENTY-FIRST DEFENSE

Plaintiffs' First Amendment claim should be dismissed under *Nieves* as they failed to present objective evidence of otherwise similarly situated individuals who engaged in the same criminal conduct but were not arrested. *Gonzalez v. Trevino*, 2022 U.S. App. LEXIS 21089 (5th Cir. July 29, 2022). Plaintiffs' Complaint fails to state a claim because the Fifth Circuit has not recognized a constitutional right to intrastate travel. *Wright v. City of Jackson,* 506 F. 2d 900, 902 (5th Cir. 1975). Additionally, Plaintiffs' excessive force claims are not legally cognizable under the Fourteenth Amendment.   Finally, Plaintiffs' Fourth Amendment excessive force claims are directly contradicted by video evidence. *Scott v. Harris*, 550 U.S. 372 (2007); *Rich v. Palko*, 920 F.3d 288, 293 n.3 (5th Cir. 2019); *Shepherd v. City of Shreveport*, 920 F.3d 278, 283 (5th Cir. 2019).

### TWENTY- SECOND DEFENSE

To the extent that Plaintiffs did not exhaust their administrative remedies under federal for some or all of their allegations, claims, or theories, those allegations, claims or theories may not be pursued in this action.

### TWENTY- THIRD DEFENSE

To the extent that Plaintiffs seek special damages, such damages have not been specifically stated.

### TWENTY- FOURTH DEFENSE

-6-

Plaintiffs' allegations are often vague, broad, and contain no identifying details, making it virtually impossible for this Defendant to respond to these allegations.

## TWENTY-FIFTH DEFENSE

Plaintiffs' Complaint fails to separate each defendant and identify what each Defendant supposedly did wrong. This violates the Rule 8 pleading requirement in that the Plaintiffs must clearly inform this Defendant what claims are being brought against him and why.

## TWENTY-SIXTH DEFENSE

This Defendant is entitled to an award of attorney's fees because this action is vexatious, frivolous, and was brought in bad faith.

## TWENTY-SEVENTH DEFENSE

**AND NOW,** having asserted his affirmative defenses to the Complaint filed herein, and without waiving any such defenses, Defendant Dobbins answers the allegations of Plaintiffs' Complaint as follows:

## PRELIMINARY STATEMENT

1. The factual allegations in this paragraph do not appear to be directed to this Defendant, as such, no reply is required. To the extent that it is, this paragraph is denied.

2. Defendant admits that Lexington is a small, majority black town. Defendant does not know the exact population break down. The remainder of the allegations are denied.

3.      Denied.

4.      Denied.

5.      Denied.  Please *see* [Doc. 28], Exs. E, J, M.

6.      Defendant denies the allegations in this paragraph as stating legal conclusions and further denies that the Plaintiffs are entitled to any relief.

7.      The factual allegations in this paragraph do not appear to be directed to this Defendant, as such, no reply is required. To the extent that it is, this paragraph is denied.

8.      The factual allegations in this paragraph do not appear to be directed to this Defendant, as such, no reply is required. To the extent that it is, this paragraph is denied.

9.      This does not appear to be a factual allegation but rather a statement of Plaintiffs' claims.  To the extent that it makes any allegations against this Defendant, they are denied. Defendant further denies that Plaintiffs are entitled to any relief whatsoever.

10.     The factual allegations in this paragraph do not appear to be directed to this Defendant, as such, no reply is required. To the extent that it is, this paragraph is denied.

## JURISDICTION

11.    This does not appear to be a factual allegation but rather a statement of Plaintiffs'

claims.  To the extent that it makes any allegations against this Defendant, they

are denied.

12.    Defendant denies the allegations in this paragraph as stating legal conclusions.

13.    Defendant denies the allegations in this paragraph as stating legal conclusions.

14.    Defendant denies the allegations in this paragraph as stating legal conclusions.

## VENUE

15.    Defendant denies the allegations in this paragraph as stating legal conclusions.

## JURY DEMAND

16.    This allegation does not appear to require a response from this Defendant, to the

extent that it does, denied.

## PARTIES

17.    Defendant admits that Robert Harris is a black adult resident of Lexington.  He is

without sufficient information to admit or deny the remainder of the allegations so

denies the same.

18.    Defendant admits that Robert Harris and Darius Harris are brothers. He is without

sufficient information to admit or deny the remainder of the allegations so denies

the same.

19.     Defendant is without sufficient information to admit or deny the allegations in this paragraph, so denies the same.

20.     Defendant admits that Malcolm Stewart is a black adult resident of Lexington. He is without sufficient information to admit or deny the remainder of the allegations so denies the same.

21.     Defendant admits that Peter Reeves is a black adult resident of Lexington. He is without sufficient information to admit or deny the remainder of the allegations so denies the same.

22.     The allegations of this paragraph are not directed at this Defendant; therefore, no response is required.  To the extent that it is, the allegations are denied.

23.     Defendant admits that he is the former Chief of Police of Lexington, Mississippi and that he is being sued in his individual capacity only.  All other allegations are denied.

24.     The allegations of this paragraph are not directed at this Defendant; therefore, no response is required.  To the extent that it is, the allegations are denied.

25.     The allegations of this paragraph are not directed at this Defendant; therefore, no response is required.  To the extent that it is, the allegations are denied.

26.     Defendant Dobbins admits that he resides in Mississippi.

## FACTUAL ALLEGATIONS

27.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

28.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

29.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

**A.  Robert and Darius Harris:**

30.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied. *See* [Doc. 28], Ex. E.

31.     Denied. *See* [Doc. 28], Ex. E.

Defendant denies the allegations contained in the unnumbered paragraphs following several photographs to the extent that they conflict with video footage of the incident.

32.    Denied and denied fn. 1.

33.    Denied. *See* [Doc. 28], Ex. E.

34.   The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

35.   The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

36.   The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

37.   Denied.

**B.  Peter Reeves:**

38.   The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

39.   The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

40.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

41.     The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied as Mr. Reeves testified in contradiction to this at the TRO hearing.

42.     The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

43.     The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

44.     The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

**C.  Eric Redmond:**

45.     The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

46.     The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

47.     Denied.

48.    Denied.

**D.  Malcolm Stewart:**

49.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

50.    Denied.

51.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

52.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

53.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

54.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations in this paragraph and footnote 2 are denied.

55.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied. *See* [Doc. 28], Ex. J.

56.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

57.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations in this paragraph and footnote 3 are denied.

**E.  Chief Henderson in his Individual Capacity**

58.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

59.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

60.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

61.     The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

**F.  LPD Maintains an Ongoing Pattern, Practice and/or Custom**

62.     The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

63.     The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

64.     The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

65.     The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

66.     The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

**G.  LPD Maintains an Ongoing Pattern, Practice and/or Custom**

67.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

68.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

69.    Denied. *See* [Doc. 28], Ex. M.

70.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

**H.  LPD Lack of Certification**

71.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

**I.  The City of Lexington Maintains an Ongoing Pattern, Policy, Practice and/or Custom**

72.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

73.    Denied.

74.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

75.    Denied.

76.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

**J.  Chief Sam Dobbins**

77.    Denied as stated, the recording speaks for itself.  *See* [Doc. 28], Ex. C.

78.    Denied.

79.    Denied.

80.    Admitted that I was terminated.  All other allegations are denied.

81.    Denied.  *See* [Doc. 28], Exs. A & B.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied. *See* [Doc. 28], Ex. L.

86.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

87.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

88.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

**K.  Defendants Continue to Violate Black Citizens' Constitutional Rights**

89.    Denied.

90.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

91.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

92.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

93.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

94.     The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

95.     The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

96.     The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

97.     The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

98.     Denied as stated.

99.     The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

100.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

101.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

102.    Denied.

103.    Defendant denies the allegations in this paragraph as stating legal conclusions.

## CAUSES OF ACTION

### A.      COUNT ONE

104.    This Defendant responds to this paragraph of the Complaint by reference to the foregoing paragraphs and by incorporation herein.

105.    Defendant denies the allegations in this paragraph as stating legal conclusions.

106.    Denied.

107.    Denied.

108.    Denied.

### B.      COUNT TWO

109.    This Defendant responds to this paragraph of the Complaint by reference to the foregoing paragraphs and by incorporation herein.

110.    Defendant denies the allegations in this paragraph as stating legal conclusions.

111.    Denied.

112.    Defendant denies the allegations in this paragraph as stating legal conclusions.

113.    Denied.

114.    Denied.

115.    Denied.

116.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

### C.    COUNT THREE

117.    This Defendant responds to this paragraph of the Complaint by reference to the foregoing paragraphs and by incorporation herein.  Further, Defendant denies the allegations in this paragraph as stating legal conclusions.

118.    Defendant denies the allegations in this paragraph as stating legal conclusions.

119.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

120.    Denied.

121.    Denied.

122.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

### D.    COUNT FOUR

123.   This Defendant responds to this paragraph of the Complaint by reference to the foregoing paragraphs and by incorporation herein.

124.   Defendant denies the allegations in this paragraph as stating legal conclusions.

125.   Defendant denies the allegations in this paragraph as stating legal conclusions.

126.   Denied.

127.   The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

### E.      COUNT FIVE

128.   This Defendant responds to this paragraph of the Complaint by reference to the foregoing paragraphs and by incorporation herein.

129.   Defendant denies the allegations in this paragraph as stating legal conclusions.

130.   The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

131.   The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

### F.      COUNT SIX

132. This Defendant responds to this paragraph of the Complaint by reference to the foregoing paragraphs and by incorporation herein.

133. Defendant denies the allegations in this paragraph as stating legal conclusions.

134. The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

135. The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

136. The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

### G.    COUNT SEVEN

137. This Defendant responds to this paragraph of the Complaint by reference to the foregoing paragraphs and by incorporation herein.

138. Defendant denies the allegations in this paragraph as stating legal conclusions.

139. The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

140.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

141.    The allegations of this paragraph do not appear to be directed at this Defendant; therefore, no response is required.  To the extent that they are, the allegations are denied.

## PRAYER FOR RELIEF

In response to the paragraph beginning "WHEREFORE, …", the allegations and demands for relief are denied, including subparagraphs A(1)-(6) and B (1)-(5), C, D, E, F, and G.

**AND NOW, HAVING FULLY ANSWERED** and asserted his Affirmative Defenses, Defendant Dobbins prays that this Court grant the following relief:

(A)    That this Court dismiss Plaintiffs' Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses, including, but not limited to, qualified immunity;

(B)    That this Court deny Plaintiffs the relief prayed for in Plaintiffs' prayer for relief, and that Plaintiffs be denied any relief whatsoever; and,

(C)    That this Court award this Defendant his attorney fees, costs and expenses associated with the defense of the frivolous instant civil action pursuant to *Fed. R. Civ. Proc.* 11, and 42 U.S.C. §1988.

**RESPECTFULLY SUBMITTED** this the 12th day of September, 2022.

**JACKS| GRIFFITH| LUCIANO, P.A.**

-25-

By:     */s/ Bethany A. Tarpley*
Daniel J. Griffith, MS Bar No. 8366
Bethany A. Tarpley, MS Bar No. 104134
Attorney for Defendant Sam Dobbins,
Individually

Of Counsel:

**JACKS| GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. 662-843-6171
FAX No. 662-843-6176
Email: dgriffith@jlpalaw.com
         btarpley@jlpalaw.com

## CERTIFICATE OF SERVICE

I, Bethany A. Tarpley, attorney of record for Defendant Sam Dobbins, Individually, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered by the ECF Filing System which gave notice to the following:

Gregory Todd Butler, Esq.
William T. Siller, Jr., Esq.
Mallory K. Bland, Esq.
Phelps Dunbar, LLP
Email: butlert@phelps.com
         silert@phelps.com
         mallory.bland@phelps.com
**Attorneys for Charles Henderson and City of Lexington, Mississippi**

Jill C. Jefferson, Esq.
JULIAN
Email: jillcollen@julianlegal.com
**Attorney for Plaintiffs**

Lauren Bonds, Esq.
National Police Accountability Project
Email: legal.npap@nlg.org
**Attorney for Plaintiffs**

-26-

Keisha James, Esq.
National Police Accountability Project
Email: keisha.npap@nlg.org
**Attorney for Plaintiffs**

Eliana Machefsky, Esq.
National Police Accountability Project
Email: fello.npap@nlg.org
**Attorney for Plaintiffs**

Thomas J. Bellinder, Esq.
Bellinder Law Firm
Email: thomas.bellinder@bellinderlawfirm.com
**Attorney for Plaintiffs**


**DATED** this 12th day of September, 2022.

_/s/ Bethany A. Tarpley_
Bethany A. Tarpley