# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**ROBERT HARRIS, ET AL.**                                                                             **PLAINTIFFS**

**VS.**                                       **CIVIL ACTION NO. 3:22-CV-479-TSL-MTP**

**SAM DOBBINS, ET AL.**                                                                         **DEFENDANTS**

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' AMENDED COMPLAINT

Municipal Defendants the City of Lexington, Mississippi, Lexington Police Department,[1] and Charles Henderson, in his individual and official capacities as Interim Chief of Police of Lexington, Mississippi ("Municipal Defendants"), submit this Answer and Affirmative Defenses to Plaintiffs Robert Harris, Darius Harris, Eric Redmond, Malcolm Stewart, and Peter Reeves' ("Plaintiffs") Amended Complaint ("complaint").

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted, in whole or in part.

## SECOND AFFIRMATIVE DEFENSE

Municipal Defendants plead all applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiffs did not exhaust their pre-suit remedies or obligations for some or all of their allegations, claims, or theories, those allegations, claims, or theories may not be pursued in this action.

---

[1] The Lexington Police Department is not a separate legal entity, outside of the city itself, that is subject to suit. *See Darby v. Pasadena Police Dep't.*, 939 F.2d 311, 314 (5th Cir. 1991).

## FOURTH AFFIRMATIVE DEFENSE

Municipal Defendants affirmatively plead that an award of punitive damages would amount to a violation of the United States and Mississippi Constitutions.

## FIFTH AFFIRMATIVE DEFENSE

Municipal Defendants plead the defenses of good faith and/or honest belief.

## SIXTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiffs' claims are barred by the doctrines of collateral, equitable, and/or judicial estoppel and/or res judicata.

## SEVENTH AFFIRMATIVE DEFENSE

Municipal Defendants plead after-acquired evidence.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have failed to comply with their duty to mitigate their request for damages, their entitlement to which is expressly denied, such damages must be reduced.

## NINTH AFFIRMATIVE DEFENSE

Municipal Defendants possesses sovereign, absolute, course and scope, and/or qualified immunity herein from suit and/or liability and/or damages.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek special damages, such damages have not been specifically stated.

## ELEVENTH AFFIRMATIVE DEFENSE

Municipal Defendants are entitled to an award of attorney's fees because this action is vexatious and was brought in bad faith.

## TWELFTH AFFIRMATIVE DEFENSE

Municipal Defendants plead all statutory damage caps, including those applicable to requests for compensatory and punitive damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Municipal Defendants plead the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

Municipal Defendants acted in good faith at all times in their conduct toward Plaintiffs, and Plaintiffs' own actions, or the actions of a third party for whom Municipal Defendants are not responsible, were the proximate and superseding cause of any damages Plaintiffs may have sustained. Municipal Defendants invoke all applicable contribution and comparative fault principles.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries were not caused by a policy or custom of the City of Lexington. Therefore, there is no municipal liability under federal law.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiffs lack standing.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims, allegations, and theories are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).

### EIGHTEENTH AFFIRMATIVE DEFENSE

This Court should abstain from hearing some or all of Plaintiffs' claims, allegations, theories, and/or requested remedies.

### ANSWER

Without waiving any affirmative defenses, and reserving the right to assert further affirmative defenses as they become evident through discovery or further investigation, Municipal Defendants respond to the Complaint as follows:

# PRELIMINARY STATEMENT

1. Municipal Defendants deny the allegations contained in paragraph 1 of the complaint.

2. Municipal Defendants deny the allegations contained in paragraph 2 of the complaint.

3. Municipal Defendants deny the allegations contained in paragraph 3 of the complaint.

4. Municipal Defendants deny the allegations contained in paragraph 4 of the complaint.

5. Municipal Defendants deny the allegations contained in paragraph 5 of the complaint.

6. Municipal Defendants deny the allegations contained in paragraph 6 of the complaint as stating legal conclusions and further deny that Plaintiffs are entitled to any relief whatsoever.

7. Municipal Defendants deny the allegations contained in paragraph 7 of the complaint.

8. Municipal Defendants deny the allegations contained in paragraph 8 of the complaint.

9. In response to the allegations contained in paragraph 9 of the complaint, Municipal Defendants admit only that Plaintiff filed this lawsuit. Municipal Defendants deny that Plaintiffs are entitled to any relief whatsoever.

10. Municipal Defendants deny the allegations contained in paragraph 10 of the complaint.

PD.40146466.1

## JURISDICTION

11. Municipal Defendants deny the allegations contained in paragraph 11 of the complaint as calling for legal conclusions. Municipal Defendants further deny that this Court has jurisdiction over the equitable relief sought in the complaint.

12. Municipal Defendants deny the allegations contained in paragraph 12 of the complaint as stating legal conclusions.

13. Municipal Defendants deny the allegations contained in paragraph 13 of the complaint as stating legal conclusions.

14. Municipal Defendants deny the allegations contained in paragraph 14 of the complaint as stating legal conclusions.

## VENUE

15. Municipal Defendants deny the allegations contained in paragraph 15 of the complaint as stating legal conclusions.

## JURY DEMAND

16. The allegations contained in paragraph 16 of the complaint do not appear to require a response. But, to the extent a response is required, the allegations are denied.

## PARTIES

17. Municipal Defendants deny the allegations contained in paragraph 17 of the complaint for lack of sufficient information.

18. Municipal Defendants deny the allegations contained in paragraph 18 of the complaint for lack of sufficient information.

19. Municipal Defendants deny the allegations contained in paragraph 19 of the complaint for lack of sufficient information.

PD.40146466.1

20. Municipal Defendants deny the allegations contained in paragraph 20 of the complaint for lack of sufficient information.

21. Municipal Defendants deny the allegations contained in paragraph 21 of the complaint for lack of sufficient information.

22. Municipal Defendants deny the allegations contained in paragraph 22 of the complaint.

23. Municipal Defendants deny the allegations contained in paragraph 23 of the complaint.

24. Municipal Defendants deny the allegations contained in paragraph 24 of the complaint for lack of sufficient information.

25. Municipal Defendants deny the allegations contained in paragraph 25 of the complaint for lack of sufficient information.

26. Municipal Defendants deny the allegations contained in paragraph 26 of the complaint for lack of sufficient information.

27. Municipal Defendants deny the allegations contained in paragraph 27 of the complaint for lack of sufficient information.

28. Municipal Defendants admit the allegations contained in paragraph 28 of the complaint.

29. Municipal Defendants admit the allegations contained in paragraph 29 of the complaint.

## FACTUAL ALLEGATIONS

30. Municipal Defendants deny the allegations contained in paragraph 30 of the complaint.

PD.40146466.1

31. Municipal Defendants deny the allegations contained in paragraph 31 of the complaint.

32. Municipal Defendants deny the allegations contained in paragraph 32 of the complaint.

A. *Robert and Darius Harris:*

33. Municipal Defendants deny the allegations contained in paragraph 33 of the complaint. *See* Doc. No. 28-3.

34. Municipal Defendants deny the allegations contained in paragraph 34 of the complaint. Municipal Defendants further deny the allegations contained in footnote 1 as characterized. *See* Doc. No. 43-3 (Exhibit DN – Video of Darius Harris from Police Department)

35. Municipal Defendants deny the allegations contained in paragraph 35 of the complaint.

Municipal Defendants deny the allegations contained in the unnumbered paragraphs following several photographs to the extent that they conflict with video footage of the incident. *See* Doc. Nos. 28-4, 28-5, 31 (Exhibit E – Harris Brothers Video), 43-2 (P7 – Cell Phone Video of New Year's Eve Incident).

36. Municipal Defendants deny the allegations contained in paragraph 36 and footnote 2 of the complaint.

37. Municipal Defendants deny the allegations contained in paragraph 37 of the complaint.

38. Municipal Defendants deny the allegations contained in paragraph 38 of the complaint.

39. Municipal Defendants deny the allegations contained in paragraph 39 of the complaint.

40. Municipal Defendants deny the allegations contained in paragraph 40 of the complaint.

41. Municipal Defendants deny the allegations contained in paragraph 41 of the complaint.

**B.** *Peter Reeves:*

42. Municipal Defendants deny the allegations contained in paragraph 42 of the complaint. *See* Doc. No. 28-6.

43. Municipal Defendants deny the allegations contained in paragraph 43 of the complaint.

44. Municipal Defendants deny the allegations contained in paragraph 44 of the complaint.

45. Municipal Defendants deny the allegations contained in paragraph 45 of the complaint.

46. Municipal Defendants deny the allegations contained in paragraph 46 of the complaint.

47. Municipal Defendants deny the allegations contained in paragraph 47 of the complaint.

**C.** *Eric Redmond:*

48. Municipal Defendants deny the allegations contained in paragraph 48 of the complaint. *See* Doc. No. 28-8.

49. Municipal Defendants deny the allegations contained in paragraph 49 of the complaint.

50. Municipal Defendants deny the allegations contained in paragraph 50 of the complaint.

51. Municipal Defendants deny the allegations contained in paragraph 51 of the complaint.

52. Municipal Defendants deny the allegations contained in paragraph 52 of the complaint.

53. Municipal Defendants deny the allegations contained in paragraph 53 of the complaint.

### D. *Malcolm Stewart:*

54. Municipal Defendants deny the allegations contained in paragraph 54 of the complaint. *See* Doc. No. 28-7.

55. Municipal Defendants deny the allegations contained in paragraph 55 of the complaint.

56. Municipal Defendants deny the allegations contained in paragraph 56 of the complaint.

57. Municipal Defendants deny the allegations contained in paragraph 57 of the complaint.

58. Municipal Defendants deny the allegations contained in paragraph 58 of the complaint.

59. Municipal Defendants deny the allegations contained in paragraph 59 of the complaint.

60. Municipal Defendants deny the allegations contained in paragraph 60 of the complaint.

61. Municipal Defendants deny the allegations contained in paragraph 61 and footnote 3 of the complaint.

62. Municipal Defendants deny the allegations contained in paragraph 62 of the complaint.

63. Municipal Defendants deny the allegations contained in paragraph 63 of the complaint.

64. Municipal Defendants deny the allegations contained in paragraph 64 of the complaint.

65. Municipal Defendants deny the allegations contained in paragraph 65 and footnote 4 of the complaint.

**E.** ***Chief Henderson In His Individual Capacity Has Regularly Used Excessive Force and LPD Maintains An Ongoing Pattern, Practice, and/or Custom of Using Unnecessary Force.***

66. Municipal Defendants deny the allegations contained in paragraph 66 of the complaint as misleading.

67. Municipal Defendants deny the allegations contained in paragraph 67 of the complaint.

68. Municipal Defendants deny the allegations contained in paragraph 68 of the complaint.

69. Municipal Defendants deny the allegations contained in paragraph 69 of the complaint.

**F.** ***LPD Maintains An Ongoing Pattern, Practice, and/or Custom of Making Illegal Searches, Seizures, and False Arrests.***

70. Municipal Defendants deny the allegations contained in paragraph 70 of the complaint.

PD.40146466.1

71. Municipal Defendants deny the allegations contained in paragraph 71 of the complaint.

72. Municipal Defendants deny the allegations contained in paragraph 72 of the complaint.

73. Municipal Defendants deny the allegations contained in paragraph 73 of the complaint.

74. Municipal Defendants deny the allegations contained in paragraph 74 of the complaint.

G. **LPD Maintains An Ongoing Pattern, Practice, and/or Custom of Retaliation Against Officers Who Report Misconduct.**

75. Municipal Defendants deny the allegations contained in paragraph 75 of the complaint.

76. Municipal Defendants deny the allegations contained in paragraph 76 of the complaint.

77. Municipal Defendants deny the allegations contained in paragraph 77 of the complaint as incomplete.

78. Municipal Defendants deny the allegations contained in paragraph 78 of the complaint.

H. **LPD Officers Lack Certification.**

79. Municipal Defendants deny the allegations contained in paragraph 79 of the complaint.

I. **The City of Lexington Maintains An Ongoing Policy, Practice, and/or Custom of Deliberate Indifference, Ratification, and Active Support of LPD.**

80. Municipal Defendants deny the allegations contained in paragraph 80 of the complaint.

81. Municipal Defendants deny the allegations contained in paragraph 81 and footnote 6 of the complaint.

82. Municipal Defendants deny the allegations contained in paragraph 82 of the complaint.

83. Municipal Defendants deny the allegations contained in paragraph 83 of the complaint as incomplete.

**J.** ***Chief Sam Dobbins' racism and violence captured on leaked audio, in addition to the City of Lexington's history of discrimination and disparate treatment, prove discriminatory intent and a pattern, practice, and/or custom of constitutional violations.***

84. The allegations contained in paragraph 84 of the complaint refer to an audio recording. Municipal Defendants deny any allegations inconsistent with the recording.

85. Municipal Defendants deny the allegations contained in paragraph 85 of the complaint.

86. Municipal Defendants deny the allegations contained in paragraph 86 of the complaint.

87. Municipal Defendants deny the allegations contained in paragraph 87 of the complaint as characterized.

88. Municipal Defendants deny the allegations contained in paragraph 88 of the complaint. *See* Doc. No. 28-1.

89. Municipal Defendants deny the allegations contained in paragraph 89 of the complaint.

90. Municipal Defendants deny the allegations contained in paragraph 90 of the complaint.

91. Municipal Defendants deny the allegations contained in paragraph 91 of the complaint.

92. Municipal Defendants deny the allegations contained in paragraph 92 of the complaint. *See* Doc. No. 28-9.

93. Municipal Defendants deny the allegations contained in paragraph 93 of the complaint.

94. Municipal Defendants deny the allegations contained in paragraph 94 of the complaint.

95. Municipal Defendants deny the allegations contained in paragraph 95 of the complaint.

K. ***Defendants Continue to Violate Black Citizens' Constitutional Rights, Necessitating Plaintiffs' Prayer for Relief.***

96. Municipal Defendants deny the allegations contained in paragraph 96 of the complaint.

97. Municipal Defendants deny the allegations contained in paragraph 97 of the complaint.

98. Municipal Defendants admit the allegations contained in paragraph 98 of the complaint.

99. Municipal Defendants deny the allegations contained in paragraph 99 of the complaint for lack of sufficient information.

100. Municipal Defendants deny the allegations contained in paragraph 100 of the complaint.

101. Municipal Defendants deny the allegations contained in paragraph 101 of the complaint.

102. Municipal Defendants deny the allegations contained in paragraph 102 of the complaint.

103. Municipal Defendants deny the allegations contained in paragraph 103 of the complaint. Municipal Defendants further deny the allegations contained in footnote 15 for lack of sufficient information.

104. Municipal Defendants deny the allegations contained in paragraph 104 of the complaint.

105. Municipal Defendants deny the allegations contained in paragraph 105 of the complaint.

106. Municipal Defendants deny the allegations contained in paragraph 106 of the complaint.

107. Municipal Defendants deny the allegations contained in paragraph 107 of the complaint.

108. Municipal Defendants deny the allegations contained in paragraph 108 of the complaint for lack of sufficient information.

109. Municipal Defendants deny the allegations contained in paragraph 109 of the complaint.

110. The allegations contained in paragraph 110 of the complaint do not appear to require a response. To the extent a response is required, Municipal Defendants admit only that Plaintiffs have filed this lawsuit.

## CAUSES OF ACTION

### A. COUNT ONE

**Violation of the Equal Protection Clause of the Fourteenth Amendment Brought Pursuant to § 1983 — All Plaintiffs Against All Defendants.**

111. In response to the allegations contained in paragraph 111 of the complaint, Municipal Defendants incorporate their prior responses to paragraphs 1 through 110.

112. Municipal Defendants deny the allegations contained in paragraph 112 of the complaint as stating legal conclusions and as incomplete.

113. Municipal Defendants deny the allegations contained in paragraph 113 of the complaint.

114. Municipal Defendants deny the allegations contained in paragraph 114 of the complaint.

115. Municipal Defendants deny the allegations contained in paragraph 115 of the complaint.

### B. COUNT TWO

**Violation of the Fourth Amendment to Be Free of Unreasonable Search and Seizure Brought Pursuant to § 1983 — All Plaintiffs Against All Defendants.**

116. In response to paragraph 116 of the complaint, Municipal Defendants incorporate their prior responses to paragraphs 1 through 115.

117. Municipal Defendants deny the allegations contained in paragraph 117 of the complaint as stating legal conclusions and as incomplete.

118. Municipal Defendants deny the allegations contained in paragraph 118 of the complaint. *See* Doc. No. 28-2.

119. Municipal Defendants deny the allegations contained in paragraph 119 of the complaint as stating legal conclusions and as incomplete.

120. Municipal Defendants deny the allegations contained in paragraph 120 of the complaint.

121. Municipal Defendants deny the allegations contained in paragraph 121 of the complaint.

122. Municipal Defendants deny the allegations contained in paragraph 122 of the complaint.

123. Municipal Defendants deny the allegations contained in paragraph 123 of the complaint.

### C. COUNT THREE

**Violation of the Right to Travel Freely Under the Privileges and Immunities Clause of the Fourteenth Amendment Brought Pursuant to § 1983 — All Plaintiffs Against Defendants Henderson, Epps, Newell, Lexington Police Department, and the City of Lexington.**

124. In response to the allegations contained in paragraph 124 of the complaint, Municipal Defendants incorporate their prior responses to paragraphs 1 through 123.

125. Municipal Defendants deny the allegations contained in paragraph 125 of the complaint as stating legal conclusions and as incomplete.

126. Municipal Defendants deny the allegations contained in paragraph 126 of the complaint.

127. Municipal Defendants deny the allegations contained in paragraph 127 of the complaint.

128. Municipal Defendants deny the allegations contained in paragraph 128 of the complaint.

129. Municipal Defendants deny the allegations contained in paragraph 129 of the complaint.

### D. COUNT FOUR

**Violation of the Right to Free Speech Brought Pursuant to § 1983 — All Plaintiffs Against Defendants Epps, Dobbins, Henderson, Shiers, Scott, City of Lexington, and the Lexington Police Department.**

130. In response to the allegations contained in paragraph 130 of the complaint, Municipal Defendants incorporate their prior responses to paragraphs 1 through 129.

131. Municipal Defendants admit the allegations contained in paragraph 131 of the complaint as stating legal conclusions and as incomplete.

132. Municipal Defendants deny the allegations contained in paragraph 132 of the complaint stating legal conclusions and as incomplete.

133. Municipal Defendants deny the allegations contained in paragraph 133 of the complaint.

134. Municipal Defendants deny the allegations contained in paragraph 134 of the complaint.

### E. COUNT FIVE

**Violation of the Fourth Amendment to Be Free of Excessive Force Brought Pursuant to § 1983 — All Plaintiffs Against Defendants Dobbins, Henderson, Epps, Shiers, City of Lexington, and the Lexington Police Department.**

135. In response to the allegations contained in paragraph 135 of the complaint, Municipal Defendants incorporate their prior responses to paragraphs 1 through 134.

136. Municipal Defendants deny the allegations contained in paragraph 136 of the complaint as stating legal conclusions and as incomplete.

137. Municipal Defendants deny the allegations contained in paragraph 137 of the complaint.

138. Municipal Defendants deny the allegations contained in paragraph 138 of the complaint.

### F. COUNT SIX

**Violation of the Fourteenth Amendment Due Process Right to Be Free of Excessive Force Brought Pursuant to § 1983 — All Plaintiffs Against Defendants Dobbins, Henderson, Shiers, City of Lexington, and Lexington Police Department.**

139. In response to the allegations contained in paragraph 139 of the complaint, Municipal Defendants incorporate their prior responses to paragraphs 1 through 138.

140. Municipal Defendants deny the allegations contained in paragraph 140 of the complaint as stating legal conclusions and as incomplete.

141. Municipal Defendants deny the allegations contained in paragraph 141 of the complaint.

142. Municipal Defendants deny the allegations contained in paragraph 142 of the complaint.

143. Municipal Defendants deny the allegations contained in paragraph 143 of the complaint.

### G. COUNT SEVEN

**Violation of Title VI of the Civil Rights Act of 1964—All Plaintiffs Against the City of Lexington and Lexington Police Department**

144. In response to the allegations contained in paragraph 144 of the complaint Municipal Defendants incorporate their prior responses to paragraphs 1 through 143.

145. Municipal Defendants deny the allegations contained in paragraph 145 of the complaint as stating legal conclusions and as incomplete.

146. Municipal Defendants deny the allegations contained in paragraph 146 of the complaint.

147. Municipal Defendants deny the allegations contained in paragraph 147 of the complaint.

148. Municipal Defendants deny the allegations contained in paragraph 148 of the complaint.

### PRAYER FOR RELIEF

Municipal Defendants deny the allegations contained in the unnumbered paragraph beginning with "WHEREFORE, Plaintiffs …", including subparagraphs (A) through (G), and Municipal Defendants further deny that Plaintiffs are entitled to any relief whatsoever.

Consistent with the answers and affirmative defenses set forth herein, Municipal Defendants request that the complaint be dismissed, with all costs taxed to Plaintiffs and an award of attorney's fees be provided to Defendants.

THIS the 17th day of October, 2022.

Respectfully submitted,

PHELPS DUNBAR LLP

BY: /s/ *Mallory K. Bland*
W. Thomas Siler, Jr., MB #6791
G. Todd Butler, MB #102907
Mallory K. Bland, MB #105665
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: silert@phelps.com
Email: todd.butler@phelps.com
Email: mallory.bland@phelps.com
**ATTORNEYS FOR MUNICIPAL DEFENDANTS THE CITY OF LEXINGTON, MISSISSIPPI AND INTERIM CHIEF CHARLES HENDERSON**

## CERTIFICATE OF SERVICE

I certify that, on October 17, 2022, I had this Answer and Affirmative Defenses electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record.

<i>/s/ Mallory K. Bland</i><br>
Mallory K. Bland