IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

Robert Harris, Darious Harris, Eric Redmond, )
Malcolm Stewart, and Peter Reeves )
)
    *Plaintiffs*, )
)
)    **Case No. 3:22-cv-479-TSL-MTP**
v. )
)
)
)
Sam Dobbins, et al. )
)
    *Defendants*. )

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO LIFT ORDER STAYING DISCOVERY

    The Court has discretion under Uniform Local Rule 16(b)(3)(B) to permit any portion of the case to proceed notwithstanding the assertion of immunity issues pending resolution of the motion to dismiss. *See Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979). The Court should exercise its discretion to permit discovery against Municipal Defendants pending Defendant Dobbins' individual immunity motion as well as discovery against any other individual defendant who has not filed a motion asserting immunity.[1] Additionally, since Defendant Dobbins' motion for judgment on the pleadings asserting qualified immunity relies heavily on evidence outside of the First Amended Complaint ("FAC"), discovery should be permitted on those issues as well.

---

[1] To the extent other individual defendants intend to assert a qualified immunity defense, that assertion does not warrant a stay of discovery until a motion separate from the answer has been filed. *See Salcido v. University of Southern Mississippi*, No. 2:11-CV-173-KS-MTP, 2013 U.S. Dist. LEXIS 62170 at *1 (S.D. Miss. May 1, 2013).

The City of Lexington and Lexington Police Department (collectively, "Municipal Defendants") are not entitled to immunity or any associated discovery protections. Additionally, discovery against Municipal Defendants will not compromise the protections against discovery of any individual defendants claiming immunity, but there is a strong likelihood of prejudice that a stay will result in the spoliation of evidence that is critical to proving Plaintiffs' claims. Finally, staying discovery against Municipal Defendants and individual defendants who have not moved to dismiss the case on immunity grounds does not serve any judicial efficiency interests and will unnecessarily prolong disposition of this case.

For these reasons, the order staying discovery in this case should be lifted and Plaintiffs should be provided the opportunity to conduct discovery against Municipal Defendants, individual defendants who have not filed a motion asserting an immunity defense, and Defendant Dobbins on issues related to his motion asserting immunity.

## ARGUMENT

### I. This Court Should Lift the Stay of Discovery As To Municipal Defendants.

#### A. Municipal Defendants Are Not Entitled to Immunity.

Plaintiffs are pursuing First Amendment, Fourth Amendment, and Fourteenth Amendment claims against the City of Lexington, the Lexington Police Department, and Charles Henderson in his official capacity, alleging the constitutional violations that they suffered were the product of municipal policies, customs, and/or practices. FAC, Dkt. #46. They are also pursuing a Title VI claim against Municipal Defendants. *Id.* Prior to filing, Plaintiffs were able to identify patterns of unconstitutional conduct by Lexington police officers through community complaints and open record requests. They also pointed out specific examples of the City's ongoing deliberate indifference to the harm caused by those unconstitutional practices. Plaintiffs

respectfully request the Court lift the stay of discovery as to Municipal Defendants so they can promptly prosecute these claims.

Qualified immunity is not a defense available to municipal defendants for constitutional claims or statutory civil rights claims like Title VI. *Leatherman v. Tarrant Co. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993) ("Municipalities do not enjoy immunity from suit—either absolute or qualified—under § 1983."); *see also Swint v. Chambers Cnty Comm'n*, 514 U.S. 35, 43 (1995). The doctrine is designed to protect individual government employees from damages liability and the burdens of "broad-reaching discovery." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It offers no such protection to municipal agencies. *See Martin v. Dallas County, Tex.*, 882 F.2d 553, 555-56 (5th Cir. 1987) (a stay "does not *ipso facto* disable a plaintiff from conducting all discovery against all non-immune defendants in his case"); *Estate Sorrells v. City of Dallas*, 192 F.R.D. 203, 210 (N.D. Tex. 2000) (permitting discovery directed to City of Dallas that went to municipal liability notwithstanding qualified immunity defense asserted by individual defendants); *Garcia v. City of Lubbock, Texas*, No. 5:20-CV-053-H, 2020 U.S. Dist. LEXIS 246860 at *14 (N.D Tex. May 4, 2020) (acknowledging that individual officer's assertion of qualified immunity does not shield city or county from discovery); 6 Moore's Fed. Civ. Prac.§26.105 (3)(c). Here, Plaintiffs' *Monell* and Title VI claims against Municipal Defendants are not derivative of their claims against the individual defendants. The Fifth Circuit has been consistent in finding that plaintiffs can proceed with claims against institutional defendants even if individual officers are shielded by qualified immunity. *Bustillos v. El Paso Cty. Hosp. Dist.*, 891 F.3d 214, 222 n.6 (5th Cir. 2018); *Groden v. City of Dallas*, 826 F.3d 280, 283 n.2 (5th Cir. 2016); *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). Therefore, even if the Court ultimately found Plaintiffs' rights as to the individual

defendants' conduct were not clearly established, their claims against Municipal Defendants would still be viable.

It is important to note that there is a range of discovery that Plaintiffs could pursue without requiring *any* participation of the individual defendants while the motion to dismiss is pending. Plaintiffs would be able to pursue evidence related to Municipal Defendants' customs, training, and patterns of misconduct as well as take a 30(b)(6) deposition on these topics. None of this discovery would impose any burden on Defendant Dobbins or other defendants that might move for dismissal on the basis of qualified immunity. Requests for production and interrogatories would only be served on Municipal Defendants and potentially third parties. Crucially, the proposed order lifting discovery as to Municipal Defendants is sufficiently limited that it would not lead to discovery disputes over what information can be requested. Permitting discovery on Plaintiffs' Title VI and *Monell* claims is clearly delineated from questions of individual officer participation. Accordingly, a stay on Plaintiffs' discovery against Municipal Defendants serves no purpose other than delaying access to information to which Plaintiffs are entitled.

### B. Staying Discovery as to Municipal Defendants Will Unduly Prejudice Plaintiffs' Case Given the Profound Concerns About Spoliation.

Discovery stays are particularly disfavored where delay will diminish evidentiary quality and compromise the plaintiff's ability to put on an effective case. *See, e.g., Alcala v. Tex. Webb Cty.*, 625 F. Supp. 2d 391, 405 (S.D. Tex. 2009); *Sidari v. Orleans County*, 180 F.R.D. 226, 230 (W.D.N.Y. 1997); *SEC v. Brown*, No. 06-1213 (PAM/JSM), 2007 U.S. Dist. LEXIS 98410, at *7, 13 (D. Minn. July 16, 2007); *Jackson v. Denver Water Bd.*, No. 08-cv-01984-MSK-MEH, 2008 U.S. Dist. LEXIS 104334, at *2-3 (D. Colo. Dec. 15, 2008); *Campbell v. Or. Dep't. of State Lands*, No. 2:16-cv-01677-SU, 2017 U.S. Dist. LEXIS 123038, at *9 (D. Or. Aug. 4,

2017). Plaintiffs have significant concerns about Municipal Defendants' document retention practices. First, Lexington Police Department ("LPD") seemingly has no policies in place regarding the proper preservation of body-worn camera footage. For example, LPD seemingly permitted Defendant Jamie Shiers to keep his body-worn camera after he resigned from the police department. Ex. 1: Carr Aff. ¶¶ 10-12, 15. Mr. Redmond's August 25th trial was continued because LPD was unable to produce Defendant Shiers' body-worn camera footage. *Id.* ¶ 13. LPD was again unable to produce footage at the next scheduled court date on September 22, 2022.[2] *Id.* ¶ 15. Body-worn camera footage, particularly footage of roadblocks, use-of-force incidents, and arrests, will be highly relevant to Plaintiffs' pattern and practice claims against Municipal Defendants. The prompt start of discovery will ensure that additional evidence is not lost or destroyed. Plaintiffs have reason to believe other information related to these challenged practices is not being properly maintained. For instance, the City Attorney claimed that use-of-force reports did not exist in response to an open record request even though their creation is required by the department's own policies. *See* Ex. 2: Ltr. from Katherine B. Riley, City Attorney to ACLU of Mississippi, March 25, 2022; Ex. 3: Employee Policy Manual: City of Lexington Police Department, pp. 19, 25-26. Unnecessarily delaying discovery against Municipal Defendants will prejudice Plaintiffs and result in avoidable burdens on the Court's time resolving spoliation motions.

Moreover, while Plaintiffs do not doubt that Defendants' counsel have instructed their clients to preserve relevant evidence, the consistent unprofessional and bad faith actions of Municipal Defendants raise doubts as to whether they will abide their attorneys' advice. *See* Ex. 4: Civilian Complaints Against LPD. Moreover, the documented histories of city government

---

[2] Notably, the charges against Mr. Redmond were ultimately dropped.

leaders flouting the law raises similar concerns. *See Mayor Charged with Assault*, WLBT, Feb. 19, 2006, https://www.wlbt.com/story/4522643/mayor-charged-with-assault/; Cheley Sellars, *Investigation Opened After Woman Claims She Was Sexually Assaulted by Goodman Police Chief*, Apr. 4, 2019, https://www.wlbt.com/2019/04/05/goodman-police-chief-accused-sexual-assault/.

The risk of prejudice from delayed discovery against Municipal Defendants is uniquely high in this case given the potential destruction of evidence. Lifting the discovery stay will ensure Plaintiffs are able to pursue their claims and spare the Court from deciding spoliation motions and dealing with discovery disputes.

**II.     Staying Discovery as to Municipal Defendants and Individual Defendants Who Have Not Moved to Dismiss the Case Will Unnecessarily Stall Disposition of the Case.**

"Justice delayed is justice denied." *Stelly v. C.I.R.*, 761 F.2d 1113, 1116 (5th Cir. 1985). In accord with this principle, discovery should be conducted in a manner to secure "the speedy and sure attainment of just results." *See Bell v. Preferred Life Assurance Soc.*, 131 F.2d 516 (1943). Judicial efficiency is rarely served by a discovery stay. *Alcala*, 625 F. Supp. 2d at 399. Discovery stays pending a motion to dismiss "are the exception rather than the rule" as they rarely improve efficiency as to the volume or the focus of discovery. *James J. Flanagan Shipping Corp. v. Port of Beaumont of Jefferson Cty.*, No. 1:20-CV-191, 2020 U.S. Dist. LEXIS 134910, at *1 (E.D. Tex. July 29, 2020); *see also Boone Funeral Home Inc. v. Lakeview Gardens Inc.*, No. 4:16cv180-DMB-RP, 2017 U.S. Dist. LEXIS 227232, at *2 (N.D. Miss. Feb. 21, 2017) (noting good cause is the standard for staying discovery where defendant has not asserted an immunity or jurisdictional defense). Here, Plaintiffs will need to conduct discovery against defendants other than Defendant Dobbins regardless of whether he is entitled to

immunity or not. *See supra* § I(A). By stalling all discovery until a decision is made on Defendant Dobbins' motion, the case will remain on the Court's docket for months or even a year longer than it would otherwise need to be.

### III. Staying Discovery As to Defendant Dobbins is Inherently Unfair Given His Reliance on Evidence Outside of the Pleadings.

Defendant Dobbins filed a motion for judgment on the pleadings asserting qualified immunity that largely relies on selective, self-serving evidence outside of the pleadings that Plaintiffs have not had the opportunity to test or contextualize through discovery. Dkt # 52. If the Court decides to consider outside evidence, the case presents a textbook situation in which discovery should be permitted on qualified immunity issues related to Defendant Dobbins' motion. *See Smith v. Luther*, No. 4:96cv69-D-B, 1996 U.S. Dist. LEXIS 21476, at *2 (N.D. Miss. Aug. 16, 1996) ("In this court's view, it is inappropriate for [the] defendants to gain shelter from discovery under the qualified immunity shield while simultaneously attacking plaintiff with documentary evidence from which he cannot defend himself because of the discovery stay.") (internal quotation marks omitted); *Cook v. La. Workforce L.L.C.*, No. 16-587-BAJ-RLB, 2017 U.S. Dist. LEXIS 2747, at *6 (M.D. La. Jan. 9, 2017) (collecting 5th Circuit cases on "inherent unfairness" of not permitting discovery to defend against dispositive motions that rely on evidence outside of the pleadings). Plaintiffs note that they are not requesting the Court defer a ruling on qualified immunity as was the case in *Carswell v. Camp* but either limit its analysis to the four corners of the FAC or permit limited discovery on the factual issues Defendant Dobbins inserted into his motion for judgment on the pleadings.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court to lift the discovery stay as to Municipal Defendants on issues of municipal liability, individual defendants who have not filed a motion asserting an immunity defense, and Defendant Dobbins as to factual issues he presented in his motion for judgment on the pleadings.

Respectfully Submitted,

**NATIONAL POLICE ACCOUNTABILITY PROJECT**

/s/ Lauren Bonds
Lauren Bonds* (KS #27807)
1403 Southwest Boulevard
Kansas City, Kansas 66103
(620) 664-8584
legal.npap@nlg.org

Keisha James* (DC Bar #1658974)
PO Box 56386
Washington, DC 20040
(202) 557-9791
keisha.npap@nlg.org

Eliana Machefsky* (CA Bar #342736)
2111 San Pablo Avenue
PO Box 2938
Berkeley, CA 94702
(314) 440-3505
fellow.npap@nlg.org

**JULIAN**

Jill Collen Jefferson*
1015 15th St NW
Suite 1000
Washington, DC 20005
Phone: (601) 323-6586
Fax: (833) 966-1950
Email: jillcollen@julianlegal.com

**BELLINDER LAW FIRM**

*[signature]*

Thomas J. Bellinder (MSB # 103115)
200 E. Government St.

Brandon, MS 39042
Phone: (601) 487-9340
Fax: (601) 265-1795

Thomas.Bellinder@BellinderLawFirm.com


*Admitted Pro Hac Vice*

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERIVCE**

I hereby certify that a true and correct copy of *Plaintiffs' Motion to Lift Order Staying Discovery* has been electronically filed with the Clerk of Court using the CM/ECF system. Notice and a copy of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

Date: November 7, 2022

/s/ Lauren Bonds
Lauren Bonds