IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| Robert Harris, Darious Harris, Eric Redmond, Malcolm Stewart, and Peter Reeves<br><br>*Plaintiffs*,<br><br>v.<br><br>Sam Dobbins, *et al.*<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)  Case No. 3:22-cv-479-TSL-MTP<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MOTION TO STRIKE MUNICIPAL DEFENDANTS' JOINDER TO DEFENDANT DOBBINS' MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiffs, by and through their undersigned counsel, hereby submit this opposition to Municipal Defendants' Joinder purporting to join Defendant Dobbins' Motion for Judgment on the Pleadings (Dkt. #51), Dkt. #63.

Municipal Defendants seek to join Defendant Dobbin's motion and memorandum "[b]ecause the question of whether Dobbins committed a constitutional violation is relevant to the claims against the City and because Dobbins' qualified immunity arguments are applicable to the other individual defendants." Dkt. #63. However, a party seeking joinder of a motion must specify which parts of the motion apply to the joining party and the factual similarities between the joining party and moving party that give rise to a similar claim or defense, unless the parties are so similar that filing an independent motion would be redundant. *See*, *e.g.*, *United States v. Sneed*, No. 3:19-CR-0580-B, 2022 U.S. Dist. LEXIS 856, at *7 (N.D. Tex. Jan. 3, 2022); *Tatung Co. v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1151 (C.D. Cal. 2016) (finding defendants were subject to different claims and not similarly situated for the purpose of joining in co-defendants'

motions); *United States v. Cerna*, 2011 U.S. Dist. LEXIS 12893, 2011 WL 500229, at *12 (N.D. Cal. 2011) (denying a joinder based on blanket claim that joining defendant was similarly situated to moving defendant and there were "common issues").[1]

Here, Municipal Defendants fail to reference *any* of the factual or legal contentions made in Defendant Dobbins' brief, much less how those contentions would apply to the City of Lexington, the Lexington Police Department (LPD), and the five individual defendants. Although Municipal Defendants reference "relevant" claims and "applicable" arguments, they fail to identify which constitutional violations are relevant to which claims against the City and LPD and which qualified immunity arguments are applicable to which individual defendants. Further, Municipal Defendants and Defendant Dobbins are not so similar that filing independent motions for judgment on the pleadings would be "redundant." In fact, Municipal Defendants have since filed their own motions for judgment on the pleadings and summary judgment that raise arguments separate and distinct from those raised by Defendant Dobbins. *See* Dkt. #66, 68. Plaintiffs should not be required to analyze Defendant Dobbins' briefing to determine which arguments might be applicable to Municipal Defendants beyond the arguments that Municipal Defendants have made in their own briefing.

For the foregoing reasons, Plaintiffs request that the Court strike the Joinder.

Date: November 22, 2022

                                                Respectfully submitted,

                                                **NATIONAL POLICE ACCOUNTABILITY PROJECT**

---

[1] In the federal appellate court context, similar principles of joinder are applied. *See*, *e.g.*, *Gil Ramirez Grp., L.L.C. v. Marshall*, 765 F. App'x 970, 974 (5th Cir. 2019) (finding defendants' effort to adopt by reference fact-specific challenges and defenses improper); *United States v. Morgan*, 117 F.3d 849, 853 (5th Cir. 1997); *see also United States v. Ramirez-Rivera*, 800 F.3d 1 (1st Cir. 2015) ("arguments must actually be transferable from the proponent's [case] to the adopter's case"); *United States v. Brown*, 669 F.3d 10, 16 n.5 (1st Cir. 2012) (finding defendant's attempt to join another defendant's arguments to be "textbook perfunctory" and "far too lackadaisical" where he offered "*no* explanation" of why the arguments pertained to him) (emphasis in original).

/s/ Lauren Bonds
Lauren Bonds* (KS #27807)
1403 Southwest Boulevard
Kansas City, Kansas 66103
(620) 664-8584
legal.npap@nlg.org

Keisha James* (DC Bar #1658974)
PO Box 56386
Washington, DC 20040
(202) 557-9791
keisha.npap@nlg.org

Eliana Machefsky* (CA Bar #342736)
2111 San Pablo Avenue
PO Box 2938
Berkeley, CA 94702
(314) 440-3505
fellow.npap@nlg.org

**JULIAN**

Jill Collen Jefferson*
1015 15th St NW
Suite 1000
Washington, DC 20005
Phone: (601) 323-6586
Fax: (833) 966-1950
Email: jillcollen@julianlegal.com

**BELLINDER LAW FIRM**

Thomas J. Bellinder (MSB # 103115)
200 E. Government St.
Brandon, MS 39042
Phone: (601) 487-9340
Fax: (601) 265-1795
Thomas.Bellinder@BellinderLawFirm.com

*Admitted Pro Hac Vice*

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERIVCE

I hereby certify that a true and correct copy of *Plaintiffs' Opposition to Municipal Defendants' Joinder to Defendant Dobbins' Motion for Judgment on the Pleadings* has been electronically filed with the Clerk of Court using the CM/ECF system. Notice and a copy of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

Date: November 22, 2022

/s/ Lauren Bonds
Lauren Bonds
