```
              UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

ROBERT HARRIS, DARIOUS HARRIS,
ERIC REDMOND, MALCOLM STEWART
AND PETER REEVES                                          PLAINTIFFS

VS.                          CIVIL ACTION NO. 3:22-CV-479-TSL-MTP

SAM DOBBINS, IN HIS INDIVIDUAL
CAPACITY, CHARLES HENDERSON,
IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES AS INTERIM CHIEF OF
POLICE OF LEXINGTON, MISSISSIPPI,
THE CITY OF LEXINGTON; THE LEXINGTON
POLICE DEPARTMENT; CORDARIUS EPPS,
IN HIS INDIVIDUAL CAPACITY, JAMES
SHIERS, IN HIS INDIVIDUAL CAPACITY,
JUSTIN NEWELL, IN HIS INDIVIUDAL
CAPACITY, AND DERRICK SCOTT, IN HIS
INDIVIDUAL CAPACITY                                        DEFENDANTS

ORDER

This cause is before the court, sua sponte.

On April 11, 2023, the court granted in part and denied in part separate motions to dismiss, or for summary judgment, filed by defendant Sam Dobbins, in his individual capacity, and by defendants City of Lexington, Lexington Police Department, Charles Henderson, in his individual capacity and his official capacity as Interim Chief of Police of the City of Lexington, and Cordarius Epps, James Shiers, Justin Newell and Derrick Scott, in their individual capacities. In the wake of the court's ruling disposing of the vast majority of the claims in the plaintiffs' amended complaint, there remain only two

1

plaintiffs, and those plaintiffs' disparate claims.  Plaintiff Eric Redmond's Fourth Amendment claim for false arrest against defendants Shiers and Dobbins, in their individual capacities survived defendants' motions, as did Peter Reeves' claims against the City, and against defendants Henderson, Epps and Newell, in their individual capacities, for damages and/or injunctive relief based on alleged violations of Reeves' Fourth Amendment rights and Fourteenth Amendment equal protection rights relating to roadblock stops.

Under Federal Rule of Civil Procedure 21, the court may "sever any claim against a party."  Fed. R. Civ. P. 21.  Following severance, each claim "proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other."  United States v. O'Neil, 709 F.2d 361, 368 (5th Cir. 1983).  "Since Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance."  Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 521 (5th Cir. 2010).  Rule 20(a)(1) provides as follows:

> Persons may join in one action as plaintiffs if:
>
>> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or

>    arising out of the same transaction, occurrence, or
>    series of transactions or occurrences; and
>        (B) any question of law or fact common to all
>    plaintiffs will arise in the action.

Fed R. Civ. P. 20. Rule 20 creates a two-part test, "allowing joinder of plaintiffs when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." Acevedo, 600 F.3d at 521. Even if this test is satisfied, "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." Id. (citations omitted).

In the instant case, as thoroughly set out in the court's April 11, 2023 memorandum opinion and order, the two remaining plaintiffs' claims do not arise out the same transaction or occurrence or series of occurrences, nor is there any common question of fact linking their claims. Rather, each plaintiff's claims allege violations of entirely different constitutional provisions based on completely different factual scenarios. These claims are not properly joined under Rule 20, therefore, and will be severed.

Accordingly, it is ordered that the claims of Eric Redmond and Peter Reeves in Civil Action No. 3:22CV479TSL-MTP are severed. The Clerk of Court shall open a new civil action in

3

the Northern Division on plaintiff Reeves' claims, and therein shall file a copy of the pleadings and exhibits from Civil Action No. 3:22CV479TSL-MTP, which shall then be included as part of the record in the new civil action. The new civil action shall be assigned to the undersigned. Upon severance, the magistrate judge shall make such orders pertaining to matters of case management, including discovery, as he deems appropriate.

    SO ORDERED this 24th day of May, 2023.

                              /s/ Tom S. Lee_____
                              UNITED STATES DISTRICT JUDGE